# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA WROBLESKI,<br><br>Plaintiff,<br>v.<br><br>NEW CASTLE NEWS, *et al.*,<br><br>Defendants. | Civil Action No. 2:14-0482 |

## MEMORANDUM OPINION

**Conti, Chief District Judge**

## I.     Introduction

Pending before the court is the motion to reopen this case filed by plaintiff Jessica Wrobleski ("plaintiff"). (ECF No. 21.) For the reasons that follow, that motion will be denied.

## II.    Procedural Background

Plaintiff commenced the instant action by filing a *pro se* complaint and a motion for leave to proceed *in forma pauperis* on April 15, 2014. (ECF No. 1.) Because plaintiff had not provided sufficient information for the court to determine whether plaintiff was entitled to proceed *in forma pauperis*, the court ordered her to file an amended application on or before May 2, 2014. (ECF Text Order Dated 4/22/14.) When plaintiff failed to respond, the court denied plaintiff's motion to proceed *in forma pauperis* and closed the case. (ECF No. 2.)

On June 4, 2014, plaintiff filed a belated motion to extend time and a renewed motion to proceed *in forma pauperis*. (ECF Nos. 3, 4.) The court granted both motions on June 6, 2014, (ECF No. 5) and docketed plaintiff's complaint on June 9, 2014. (ECF No. 6.)

1

On July 3, 2014, plaintiff filed a motion for service by United States Marshal (ECF No. 8.) and an emergency motion seeking an order directing "Community Alternatives of 700 Scotland Lane" in New Castle, Pennsylvania, to halt any shredding of plaintiff's case files. (ECF No. 9.) The court scheduled a hearing on plaintiff's emergency motion and ordered plaintiff to serve the motion on Community Alternatives and notify it of the hearing date. (ECF No. 12.) When plaintiff failed to make an appearance at the hearing, the court denied her motion for failure to prosecute. (ECF No. 13.)

In the meantime, the court granted plaintiff's motion for service by United States Marshal and provided her with instructions with respect to the paperwork requirements for service. (ECF Nos. 10, 11.) When plaintiff failed to provide the proper documents, the court issued a second order directing her to do so on or before November 25, 2014. (ECF No. 16.) Plaintiff again failed to comply within the requested timeframe.

Two months later, on January 13, 2015, plaintiff filed an amended complaint. (ECF No. 17.) Plaintiff included a complete five-page copy of U.S. Marshal Form 285 with respect to only four of the twenty defendants named in the amended complaint. (Id.) For the rest, she provided an incomplete, one-page copy of U.S. Marshal Form 285. (Id.) The court ordered plaintiff to provide a complete Marshal Form 285 and a copy of the amended complaint for each of the twenty defendants. (ECF No. 18.) The court also warned plaintiff that failure to do so on or before February 20, 2015, would result in dismissal of this action. (Id.) Plaintiff failed to respond. Consequently, the court dismissed this action, without prejudice, and again ordered that the case be closed. (ECF No. 20.)

On May 27, 2015, plaintiff filed the instant motion to reopen. (ECF No. 12.) Plaintiff alleges that she attempted to file a motion for another extension of time to provide the proper

paperwork to effectuate service but that the Clerk of Courts never received or docketed her motion. (Id.) She requests a thirty-day extension of time to comply with the court's order. (Id.)

## III. Factual Background

Plaintiff's amended complaint and supporting exhibits contain an extensive list of accusations directed against, *inter alia*, several police officers, judges, prison officials, and human services agents located in and around Lawrence County, Pennsylvania. (ECF No. 6; ECF No. 17.) In broad brush, plaintiff alleges that her constitutional rights were violated during the course of several interactions with police officers, government agencies, and mental hospitals, most occurring at some point in 2011. (Id.) She appears to suggest that various defendants falsely accused her of being bipolar and used that false diagnosis to deny her services and remove her daughter from her custody. (ECF No. 1 at 11.) She seeks the release of various medical records from several hospitals, custody of her daughter, and monetary damages. (Id.)

## IV. Discussion

The court construes plaintiff's motion as a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b). "'Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances ….'" Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). Those circumstances are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no long equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); Zahl v. Harper, 403 F. App'x 729, 734 (3d Cir. 2010).

In the instant case plaintiff relies on Rule 60(b)(1), arguing that her failure to effect service should be excused because she attempted to file a motion for an extension that was never docketed. (ECF No. 21.) She appears to suggest that either the clerk's office or FedEx lost her certified mail or that it was returned to sender. (ECF No. 21 at 1.)

As an initial matter, the court notes that Rule 60(b) "applies only to final judgments and orders." Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (internal quotation marks omitted). "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." Core Commc'ns, Inc. v. Verizon Pa., Inc., 493 F.3d 333, 337 (3d Cir. 2007). As the Third Circuit Court of Appeals recently explained:

> While "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint," Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2012), "[t]his principle . . . does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice" . . . Brennan v. Kulick, 407 F.3d 603, 606-07 (3d Cir. 2005). After the statute of limitations has run, an unconditional dismissal without prejudice is considered final. Id. at 606.

Atkinson, 610 F. App'x at 111-12 (footnote omitted).

The operative court order, issued on March 3, 2015, dismissed plaintiff's complaint without prejudice. (ECF No. 20.) In order to determine whether that order constitutes a "final order" subject to Rule 60(b), the court must determine whether the statute of limitations on plaintiff's claims had run as of that date. See id. at 112 ("[W]e must determine if the statute of limitations on Atkinson's claims had expired as of May 31, 2011, the date of the Dismissal Order.").

4

The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 859 (3d Cir. 2014). In Pennsylvania, that period is two years. Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); 42 Pa. Con. Stat. § 5524. Although plaintiff's complaint lacks specificity with respect to many dates, the court discerns that the gist of her allegations concern conduct that occurred as part of or prior to a state court action that took place in 2011. (ECF No. 6; ECF No. 17.) As noted above, the court dismissed this action without pr.ejudice on March 3, 2015. (ECF No. 20.) Because the two-year limitations period applicable to her claims had already expired at the time of that order, the order is considered final and the court may consider plaintiff's Rule 60(b) motion. See Atkinson, 610 F. App'x at 112 (order dismissing case "without prejudice" was final because the statute of limitations had expired at the time of the order; the district court did not err in entertaining plaintiff's Rule 60(b) motion).

A motion seeking relief for "excusable neglect" requires the court to consider the following nonexhaustive list of factors: (1) the danger of prejudice to the nonmovants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. See Pioneer Inv. Servs. v. Brunswick Ass'n, 507 U.S. 380, 395 (1993). It is plaintiff's burden to establish excusable neglect. Ethan Michael Inc. v. Union Twp., 392 F. App'x 906, 909 (3d Cir. 2010). In addition, Rule 60(c) requires that a motion under Rule 60(b)(1) "be made within a reasonable time . . . [that is] no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). Even if brought within the one-year period cited in Rule 60(c), claims under subsection 60(b)(1) "may still be untimely if an unreasonable period of

5

time has passed." In re Diet Drugs Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010) (citing Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987)).

Turning to the first Pioneer factor, the court considers whether the defendants will be prejudiced if plaintiff's motion is granted. As noted above, the statute of limitations on plaintiff's claims appears to have expired before she initiated this action. At the very least, it is evident that the defendants were never given timely notice of the suit so that they could prepare to defend themselves against plaintiff's claims. Courts have routinely held that a defendant is prejudiced within the meaning of Rule 60(b)(1) if they are forced to defend a case barred by a statutory limitations period. See, e.g., Hurtado v. Moshannon Valley Correctional Cntr., No. 14-190, 2015 WL 6694107, at *3 (W.D. Pa. Oct. 30, 2015) (concluding that the danger of prejudice to defendants precluded Rule 60(b)(1) relief where "the case was apparently filed beyond the applicable two year statute of limitations"); Gladstone 318 Atlantic, LLC v. Selective Ins. Co. of America, No. 13-7235, 2015 WL 4623644, at *2 (D.N.J. July 31, 2015) ("Defendant would be prejudiced by having to defend a case barred by statute, and this factor weighs against granting [Rule 60(b)(1)] relief.").

The court finds that the second Pioneer factor – the length of delay in filing for Rule 60(b) relief – only slightly favors plaintiff. Plaintiff filed the instant motion approximately three months after this action was dismissed. Although there is no precise formula, courts have concluded that delays of three weeks and two months were reasonable, that delays of five and eight months were not, and that a delay of four months was a neutral factor. See, e.g., In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 183 (3d Cir. 2000) (holding that a three-week delay was reasonable); In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 130 (3d Cir. 1999) (two-month delay reasonable); Liguori v. Allstate Ins. Co., No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6,

6

2015) (five-month delay unreasonable); Gladstone 318, 2015 WL 4623644, at *3 (eight-month delay unreasonable); Hurtado, 2015 WL 6694107, at *3 (four-month delay was "equally balanced"). Under the circumstances, plaintiff's three-month delay, while not especially indicative of diligence, does not weigh heavily against granting her motion.

The third factor considers the reason for the delay and whether it was within the reasonable control of the plaintiff. See Pioneer, 507 U.S. at 395. The fourth factor considers whether the plaintiff acted in good faith. Id. In her motion, plaintiff suggests that she attempted to seek an extension of time to effectuate service, but that the clerk's office never received her request. (ECF No. 12.) However, she offered no explanation for her consistent disregard of court orders and deadlines throughout this litigation, as well as her failure to monitor the docket to see whether her motion for an extension had been granted. After initiating this action, plaintiff allowed over twelve months to pass without serving process on the defendants. Plaintiff ignored or disregarded several court orders intended to assist her in obtaining service from the United State Marshal and failed to show up at a hearing scheduled on her own emergency motion. Each of these delays was occasioned by plaintiff's lack of diligence with respect to matters that were entirely within her control. Based on the foregoing, the court concludes that the third and fourth Pioneer factors each weigh heavily against Rule 60(b) relief. See, e.g., Choi v. Kim, 258 F. App'x 413, 415-16 (holding that plaintiff's "failure to serve the defendant" and "respond to the District Court's orders" represented inexcusable neglect under Rule 60(b)(1)).

After carefully considering the Pioneer factors and the totality of the circumstances, the court concludes that the majority of the relevant factors weigh against granting the requested relief. Plaintiff's motion to reopen on grounds of excusable neglect will be denied.

## V. Conclusion

For all of the foregoing reasons, plaintiff's motion to reopen (ECF No. 21) is DENIED.

By the court:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Chief United States District Judge

Dated: March 14, 2016